■ In the Matter of VICKI LEHMAN, Appellant, v MATTHEW LEHMAN, Respondent, and PAUL AARNIO et al., Intervenors-Respondents. — Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered March 6, 1980, which awarded legal custody of the parties' infant daughter to respondent and directed physical custody of the child to be with the intervenors. Vicki and Matthew Lehman were married on June 8, 1974, separated in August of 1977, and divorced October 17, 1978. Issues regarding the custody and visitation of their only child, Amber Lehman, were referred to the Family Court of Tioga County. Except for a period in September and October of 1977, mother and daughter have not resided together since the separation, but there were some weekend visits while Amber lived at Matthew's parents' home in Spencer, New York, after the separation. In August of 1978 Matthew and his parents decided it would be in Amber's best interests for her to reside with Matthew's older half sister, Kathy Lamoreaux, and her husband, Paul Aarnio, the intervenors herein, who lived near Plattsburgh, New York. This transfer of custody was effected without the knowledge and consent of Vicki and was concealed from her on the occasions when she saw or tried to contact Amber. Even after Vicki petitioned for custody in February of 1979 and temporary

---

[*] Names are fictitious for purposes of publication.

custody was awarded to Matthew, this deception persisted. The Tioga County Probation Department and the court were misled by representations that Amber was present with the Lehmans at Spencer when, in fact, she was being returned from the Plattsburgh area, a distance of some 200 miles, on a periodic basis. During custody hearings in October of 1979, the true situation was revealed to the court. An investigation of the Aarnio home, a report and recommendation of a Law Guardian, and a psychological evaluation thereafter followed with the court concluding that custody should be awarded to Matthew but that physical custody should remain with the intervenors. Its decision was founded on the existence of extraordinary circumstances requiring a consideration of the child's best interests (see *Matter of Bennett v Jeffreys,* 40 NY2d 543). Among such circumstances, it relied on the mother's protracted separation from her daughter, her lack of an established household, her failure to maintain contact with the child, and Amber's psychological attachment to the intervenors. Family Court also found Matthew to be a more fit parent and awarded monthly visitation rights to Vicki. Since the order appealed from was entered, however, we are advised that Aarnio has been transferred to Texas and that the intervenors have removed Amber from this State without notice to the mother or the court. Visitation rights have been frustrated and the intervenors have failed to comply with a subsequent order directing them to surrender Amber to the court. There must be a reversal. Since the record does not support a finding of extraordinary circumstances, we do not reach the issue of the best interests of the child (see *Matter of Tyrrell v Tyrrell,* 67 AD2d 247, 250, affd 47 NY2d 937). The real dispute is a contest for custody between a parent and nonparent. The evidence adduced at the hearing demonstrates that the mother is a proper person able to care for her child. She is steadily employed with income adequate to provide for herself and her daughter and resides in a relatively stable environment. While the intervenors are considerably more affluent and their ability to care for Amber, both intellectually and financially, may be superior to that of the mother, these factors cannot justify a custody arrangement displacing the rights of a parent in the absence of extraordinary circumstances (see *Matter of Dickson v Lascaris,* 53 NY2d 204; *Matter of Corey L v Martin L,* 45 NY2d 383, 391-392; *Matter of Tyrrell v Tyrrell, supra).* In passing, we find petitioner's assertion that the court should have disqualified itself totally without merit. Order reversed, on the law and the facts, with costs, petition granted and legal and physical custody of the infant daughter awarded to petitioner. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.