■ In the Matter of HAROLD P. KRANZBERG et al., Appellants, v KEVIN M. CUNNINGHAM et al., Respondents. — Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered April 27, 1981, which dismissed petitioners' application for custody and granted respondent Gloria J. Cunningham custody of her three minor children. Respondents Kevin M. and Gloria J. Cunningham are the natural parents of three minor children, Kathleen Mary Cunningham, age 11; Joseph Patrick Vincent Cunningham, age 7; and Maureen Katherine Cunningham, age 5. Gloria J. Cunningham is also the mother of three other children by a previous husband who is deceased. In 1978, while respondents were having marital problems, the District Judge of Nueces County, Texas, upon respondents' application, appointed Donna J. Kranzberg (Kevin's sister) temporary managing conservator of the three subject children and awarded her temporary custody. Following her separation from Kevin, Gloria stabilized her residence and occupation and sought return of her children from petitioners, who countered with these proceedings seeking an award of permanent custody in the Otsego County Family Court. That court rejected petitioners' application, granting instead Gloria's application for custody, and ordered that the children be returned to her at the conclusion of the 1981 school year. This appeal ensued. The order of the Family Court should be affirmed. Since the record does not support a finding of unfitness or other like extraordinary circumstances, we do not reach the issue of the best interests of the child (see *Matter of Dickson v Lascaris,* 53 NY2d 204; *Matter of Bennett v Jeffreys,* 40 NY2d 543; *Matter of Lehman v Lehman,* 83 AD2d 702; *Matter of Tyrrell v Tyrrell,* 67 AD2d 247, 250, affd 47 NY2d 937). Essentially, this case presents a custody contest between a parent and a nonparent. The evidence adduced at the hearing, together with the background examinations provided by the Bexar County Juvenile Probation Department in Texas and the Otsego County Department of Probation, amply demonstrates that the respondent mother is properly qualified to care for her children. She is steadily employed with income to support herself and her children and has established a household where she presently is raising her three other children. Moreover, respondent was subsequently appointed permanent managing conservator of the subject children by the very court that granted the original temporary order. Finally, it is not insignificant that respondent relinquished custody only temporarily, and now, having demonstrated her ability to resume her parental role, should not be denied that opportunity. Order affirmed, without costs. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.