■ In the Matter of PETER MAMI, Appellant, v JENNY MAMI, Respondent. — Appeal from an order of the Family Court of Delaware County (Farley, J.), entered November 17, 1982, which dismissed petitioner's application for custody and granted respondent custody of the parties' two minor children. The parties were married in 1975 and the children who are the subject of this custody proceeding were born in 1977 and 1978, respectively. Respondent currently resides with her parents in New York City; petitioner lives with his parents in Delaware County. Since her move to New York City, respondent has obtained steady employment, actively sought housing for herself and her children, and endeavored to continue her education. Although she left the children in the care of their paternal grandparents for the year prior to the custody hearing, she testified that this was a temporary arrangement necessitated by her attempt to establish acceptable living accommodations for the children in New York City. By contrast, petitioner has displayed few attributes which justify awarding him custody of the children. He possesses a criminal record of some substance, an erratic employment history and has had no appreciable contact with the children, relying instead upon his parents to raise them. Furthermore, there is no indication that petitioner has provided the children with any meaningful financial support. This proceeding was obviously initiated to achieve *de facto* custody in the paternal grandparents. But respondent has not been shown to be an unfit parent; consequently, her right to custody cannot be subordinated to that of a third party (*Matter of Dickson v Lascaris,* 53 NY2d 204, 208; *Matter of Kranzberg v Cunningham,* 84 AD2d 623). Lastly, we find that Family Court's reliance on certain documents which were not in evidence does not warrant reversal since, even without those documents, the record clearly dictates the result reached. Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.